IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:13-CV-680-RJC-DSC

| | |
|---|---|
| TRUSTEE SERVICES OF CAROLINA, LLC SUBSTITUE TRUSTEE FOR BANK OF AMERICA, N.A., </br></br>       Plaintiff,</br></br>v.</br></br>MICHAEL DAVID GUTOWSKI, MARY ANNE GUTOWSKI,</br></br>       Defendants, | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand to State Court" (document #5), "Defendants' Motion to Strike …" (document #7) and the parties' associated briefs and exhibits. See documents ##5-8.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

This is a foreclosure action brought pursuant to N.C. Gen. Stat. § 45-21.16 in Union County Superior Court. Plaintiff initiated the foreclosure on behalf of the note holder Bank of America, N.A. by serving Defendants with a Notice of Hearing on February 14, 2012. On May 22, 2012, the Union County Clerk of Court conducted a foreclosure hearing. Defendants appeared and contested the foreclosure. The Clerk entered an Order to Allow the Foreclosure. Defendant Mary Anne Gutowski ("Mary Anne") appealed the Clerk's Order to Superior Court. On November 16, 2012, Superior Court Judge Tanya T. Wallace denied the appeal and entered

1

an Order allowing the foreclosure to proceed.

On December 5, 2012, Mary Anne filed a "Motion for New Trial, Motion for Necessary Joinder of Parties, and Motion to Disqualify Judge Tanya T. Wallace." On January 7, 2013, Mary Anne filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina. The Bankruptcy Court subsequently granted Mary Anne's motion to dismiss her petition on May 10, 2013.

On December 12, 2013, four days before Mary Anne's Motion for New Trial was scheduled to be heard by Judge Wallace, Defendant Michael David Gutowski filed a Notice of Removal to the United States District Court for the Western District of North Carolina.

The Motion to Remand was timely filed eight days after Defendant Michael David Gutowski removed the case to federal court. See 28 U.S.C. § 1447(c) (party seeking remand must respond to notice of removal within thirty days and the Court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists.

2

Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). Defendants do not allege nor does there appear to be complete diversity of citizenship between the parties. Therefore, the basis for federal subject matter jurisdiction must arise from what is commonly called "federal question" jurisdiction.

> As the Fourth Circuit recently stated:
>
> Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

3

It is well settled that a notice of removal must be filed within thirty days of the receipt of the initial pleading, order or other document from which the party may ascertain that the case is removable to federal court.  See 28 U.S.C. 1446 (b)[1]; Lovern v. General Motors Corp. 121 F.3d 160, 161-62 (4th Cir. 1997) (quoting statute); Foreclosure by David A. Simpson, P.C., 2010 WL 1838181 (W.D.N.C. April 13, 2010) (recommending remand because "[r]espondent had notice of the parties to and nature of this proceeding [when he received notice of hearing] no later than November 30, 2009, but did not file his notice of removal until March 11, 2010"); Roberson v. South Carolina Dept. of Corrections, 2010 WL 679070 (D.S.C. February 24, 2010); In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC by Eddie Hood, Manager, Present Record Owner(s) Braxton Village North, 2008 WL 5234301 (E.D.N.C 2008.) ("because ... filing of the Petition of Removal was untimely, and therefore procedurally defective ... the removal was procedurally improper, [and] the court need not consider whether it has subject matter jurisdiction over this case").  It is clear from the record that Defendants had notice of the parties to and nature of this matter on February 14, 2012, but did not file the notice of removal until December 12, 2013.

Accordingly, for both of these reasons, the Motion to Remand should be granted.

---

[1] 28 U.S.C. § 1446(b) provides:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

Defendants' submission entitled "Motion to Strike" is not docketed as a motion and is actually their brief opposing Plaintiff's Motion to Remand. Since the Motion to Remand is meritorious, and to the extent Defendants' submission could be treated as a motion, it is denied.

**ORDER**

**IT IS HEREBY ORDERED** that:

1. "Defendants' Motion to Strike …" (document #7) is **DENIED**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Remand to State Court" (document #5) be **GRANTED** and that this matter be **REMANDED** to Union County Superior Court.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour,

889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendants; counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 16, 2014

_____
David S. Cayer
United States Magistrate Judge