UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-680-RJC-DSC

| | |
|---|---|
| TRUSTEE SERVICES OF CAROLINA, LLC )<br>SUBSTITUTE TRUSTEE FOR BANK OF )<br>AMERICA, N.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL DAVID GUTOWSKI, )<br>MARY ANNE GUTOWSKI, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand (Doc. 5) and Supporting Memorandum, (Doc. 6), Defendants' Motion to Strike, (Doc. 7), Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. 9), Defendants' Objections to M&R, (Doc. 10), Plaintiff's Reply to Defendants' Objections, (Doc. 11), and Plaintiff's Response, (Doc. 12).

**I.   BACKGROUND**

A foreclosure action was brought by Plaintiff against Defendants pursuant to N.C. Gen. Stat. § 45-21.16 in Union County Superior Court on February 14, 2012.  On May 22, 2012, the Union County Clerk of Court conducted a foreclosure hearing, the Defendants contested the foreclosure, and the Clerk subsequently entered an order to allow the foreclosure.  Defendants appealed the clerk's order to Superior Court Judge Tanya T. Wallace, and, on November 16, 2012, the appeal was denied.  Consequently, Defendants filed a Motion for New Trial, Motion for Necessary Joinder of Parties, and Motion to Disqualify Judge Tanya T. Wallace.  Later, on December 12, 2013, Defendants filed a notice of removal to the United States District Court for

1

the Western District of North Carolina. Plaintiff then filed the instant Motion to Remand on December 20, 2013.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Aldinger v. Howard, 427 U.S. 1, 15 (1976). Accordingly, a federal court must dismiss a case whenever it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); Goldsmith v. Mayor & City Council of Balt., 845 F.2d 61, 64 (4th Cir. 1988). Ultimately, the plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally through diversity or federal question jurisdiction. Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002).

### B. Memorandum and Recommendation

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C.§ 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's

2

proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

Defendants allege that due process violations existed in relation to the foreclosure hearing in state court since they were denied their right to defend their interest in the property in question. (Doc. 7 at 3-4). Plaintiff contends that Defendants have failed to raise a substantial federal claim. (Doc. 6). The Magistrate Judge agreed and found that foreclosure actions brought under state law do not give rise to federal question jurisdiction. (Doc. 9 at 3).

### A. Subject Matter Jurisdiction

There are two avenues for bringing a claim to federal court: federal question jurisdiction or diversity. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988). Specifically, federal jurisdiction requires a party assert a *substantial* federal claim. Id. citing Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (emphasis added). The Supreme Court has emphasized that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" Hagans, U.S. at 536–37 (holding federal courts do not have the jurisdiction to hear frivolous constitutional claims). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." Davis, F.2d at 651; see also Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999).

#### 1. Due Process

Defendants cite the Due Process Clause of the Fourteenth Amendment as their substantial federal claim. (Doc. 7 at 3-4). The Due Process Clause provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

3

The touchstone of due process is notice and an opportunity to be heard. See Davis, F.2d at 651 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). However, Plaintiff fails to allege any facts regarding this due process violation in their complaint. It is well known that federal question must appear on the face of the properly pleaded complaint and a counterclaim or answer does not serve as the basis for the federal question jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826 (2002).

2. Rooker-Feldman Doctrine

Here, it appears that rather than address a substantial federal question, Defendants seek merely to obtain a reversal of a state court foreclosure decision by a federal court, a practice barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of Rooker-Feldman is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 644 n.3 (2002). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-6 (1994). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyer v. Moore, 129 F.3d 728 (4th Cir. 1997). A federal claim is inextricably intertwined with a state court where "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was entered erroneously or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (internal quotations omitted).

The crux of the facts alleged here revolve around a foreclosure action matter decided by the courts of the State of North Carolina. Assuming arguendo that Defendants' Due Process claim was sufficient to state a claim for relief, this Court—to offer relief—would have to effectively review and overturn a decision by a state court on a federal question inextricably intertwined with the state court judgment. The Rooker-Feldman doctrine clearly prohibits this. Defendants have not alleged a substantial federal question; instead they have, in substance, requested this Court to overturn a state court decision on the ground of due process. This Court does not have proper subject matter jurisdiction to hear this case and must remand it to state court.

IV. **CONCLUSION**

In sum, the Magistrate Judge's recommendation will be adopted because Defendants' claim that Plaintiff violated their right to be heard in the foreclosure action is insubstantial. Other than merely reciting constitutional amendments and federal statutes, Defendants have failed to meet their burden of establishing a claim that invokes federal jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and there is a presumption that federal jurisdiction is lacking). While the Court recognizes that a *pro se* litigant's pleadings should be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), it is still their responsibility to demonstrate that subject matter jurisdiction exists. Cf. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Remand, (Doc. 5), is **GRANTED**;

2. Defendants' Motion to Strike (Doc. 7), is **DENIED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 13, 2014

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge